UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IT'SUGAR, LLC,<br><br>                      Plaintiff,<br><br>          - against -<br><br>KANGAROO MANUFACTURING, INC.,<br>RICHMOND CAPITAL GROUP, LLC,<br>MZEED, INC., GTR SOURCE LLC,<br>RL INDUSTRIES, LLC,  HAPPY ROCK<br>MERCHANT SOLUTIONS LLC, and<br>IN ADVANCE CAPITAL LLC,<br><br>                      Defendants. | Case No.:<br><br><br>**COMPLAINT FOR<br>INTERPLEADER** |

Plaintiff, IT'SUGAR, LLC, by its attorneys, as and for its Complaint for Interpleader against the above-named Defendants, pursuant to 28 U.S.C. section 1335, alleges as follows:

### The Parties

1.      Plaintiff, IT'SUGAR, LLC (hereinafter, "IT'SUGAR"), is a foreign business corporation organized and existing pursuant to the laws of the State of Florida, which conducts business at 3155 SW 10th Street, Ste. A, Deerfield Beach, Florida, 33442, and is also authorized to conduct business in New York State.

2.      IT'SUGAR operates specialty candy stores throughout the United States and abroad.

3.      Upon information and belief, Defendant and claimant Kangaroo Manufacturing, Inc. (hereinafter, "Kangaroo") is a corporation organized and existing under the laws of the State of Florida, conducting business at 7350 S Kyrene Road, Ste. 104, Tempe, Arizona, 85283.

4.      Kangaroo has supplied certain goods to IT'SUGAR for retail sale by IT'SUGAR.

5.      Upon information and belief, Defendant and claimant Richmond Capital Group LLC (hereinafter, "Richmond Capital") is a corporation organized and existing under the laws of the State of New York, conducting business at 125 Maiden Lane, Ste. 501, New York, New York 10038.

6.      Upon information and belief, Defendant and claimant Mzeed, Inc. (hereinafter, "Mzeed") is a corporation organized and existing under the laws of the State of New York, conducting business at PO Box 915, Hillburn, New York, 10931.

7.      Upon information and belief, Defendant and claimant GTR Source LLC (hereinafter, "GTR") is a corporation organized and existing under the laws of the State of New Jersey, conducting business at 1006 Monmouth Avenue, Lakewood, New Jersey, 08701-1923.

8.      Upon information and belief, Defendant and claimant RL Industries, LLC (hereinafter, "RL Industries") is a corporation conducting business at 149 W 36 Street, 12th Floor, New York, New York, 10018.

9.      Upon information and belief, Defendant and claimant Happy Rock Merchant Solutions LLC (hereinafter, "Happy Rock") is a corporation organized and existing under the laws of the State of New Jersey, conducting business at 149 W 36 Street, 12th Floor, New York, New York, 10018.

10.     Upon information and belief, Defendant and claimant In Advance Capital LLC (hereinafter, "In Advance") is a corporation organized and existing under the laws of the State of Delaware, conducting business at 428 Central Avenue, Ste. B, Cedarhurst, New York 11516.

**Jurisdiction and Venue**

11.     This Court has jurisdiction over this statutory interpleader action pursuant to 28 U.S.C. section 1335(a), because there is diversity of citizenship between at least two claimants;

because, as explained further below, the claimants are asserting adverse claims to monies being interpleaded herein in a total amount in excess of five hundred dollars; and because upon the filing of this Complaint Plaintiff will move for an Order permitting the deposit of the full amount of the disputed proceeds, in the sum total of $43,405.23, into the registry of this Court.

12.     Venue in this Court is proper pursuant to 28 U.S.C. section 1397, because the residences of Defendants and claimants Richmond Capital, Mzeed, RL Industries, and Happy Rock are within this District.

### Summary of Adverse Claims

13.     Plaintiff owes a sum certain to Defendant and claimant Kangaroo in connection with goods sold by Kangaroo to Plaintiff, in the amount of $43,405.23, for which Kangaroo has sought payment from Plaintiff.

14.     Plaintiff has received a Levy and Demand from the New York City Marshal, directing that Plaintiff pay the Marshal, on behalf of Defendant and claimant Richmond Capital, any monies due to Kangaroo, pursuant to a Judgment issued by the Supreme Court of the State of New York, County of Kings, in favor of Richmond Capital and against Kangaroo and others.

15.     Plaintiff has received a Levy and Demand from the New York City Marshal, directing that Plaintiff pay the Marshal, on behalf of Defendant and claimant Mzeed, any monies due to Kangaroo, pursuant to a Judgment issued by the Supreme Court of the State of New York, County of Kings, in favor of Mzeed and against Kangaroo and others.

16.     Plaintiff has received a Levy and Demand from the New York City Marshal, directing that Plaintiff pay the Marshal, on behalf of Defendant and claimant GTR Source, any monies due to Kangaroo, pursuant to a Judgment issued by the Supreme Court of the State of New York, County of Kings, in favor of GTR Source and against Kangaroo and others.

17.     Defendants and claimants RL Industries and Happy Rock have demanded that Plaintiff pay to them any funds owing to Kangaroo, pursuant to purported factoring and loan agreements and UCC filings, which purportedly grant RL Industries and Happy Rock an interest in assets of Kangaroo and others.

18.     Defendant and claimant In Advance has demanded that Plaintiff place a hold on any funds owing to Kangaroo, pursuant to a purported lien and security interest on certain assets of Kangaroo and others in favor of In Advance.

19.     The amount at issue and payable to either Kangaroo, Richmond Capital, Mzeed, GTR Source, RL Industries, Happy Rock, or In Advance, is $43,405.23.

20.     Based upon the foregoing competing claims, Plaintiff is unable to determine to whom the amount due is payable and unable to safely determine which of the Defendants-claimants is entitled to that amount.

21.     As a result of the adverse and conflicting claims described above, and unless those claims are resolved in a single proceeding, Plaintiff may be subject to multiple litigation, may be exposed to double or multiple liability, and may be at risk of suffering inconsistent rulings on the proper recipient of the funds at issue.

22.     The whole amount of $43,405.23 is claimed adversely by the Defendants-claimants, without any collusion on the part of Plaintiff.

23.     Plaintiff is indifferent and disinterested as to which of the Defendants-claimants is entitled to any portion of the $43,405.23, or as to the division of said amount as between them.

24.     In pursuing this interpleader action, Plaintiff has incurred costs and attorneys' fees in an amount to be shown at a hearing on the propriety of proceeding with this interpleader action.

**WHEREFORE**, Plaintiff IT'SUGAR, LLC, respectfully requests judgment:

(1) Restraining each Defendant-claimant herein from instituting or maintaining any action against Plaintiff for the recovery of the $43,405.23 at issue or any portion thereof;

(2) Requiring Defendants-claimants to interplead together concerning their claims to the amount interpleaded hereunder;

(3) Discharging and releasing Plaintiff from all liability regarding the $43,405.23 at issue;

(4) Awarding Plaintiff its costs and attorneys' fees incurred in this action; and

(5) Awarding such other and further relief as the Court deems just, proper, and equitable.

Dated: New York, New York
September 11, 2018

GREENBERG TRAURIG, LLP

Jason A. Scurti (JS-3688)
200 Park Avenue
New York, New York 10166
(212) 801-9200
scurtij@gtlaw.com

*Attorneys for Plaintiff IT'SUGAR, LLC*