UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IT'SUGAR, LLC,                                              1:18-cv-08267-DLC

                         Plaintiff,

                - against -

KANGAROO MANUFACTURING, INC.,
RICHMOND CAPITAL GROUP, LLC, MZEED,
INC., GTR SOURCE LLC, RL INDUSTRIES, LLC,
HAPPY ROCK MERCHANT SOLUTIONS LLC,
and IN ADVANCE CAPITAL LLC,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DEFENDANT RICHMOND CAPITAL GROUP, LLC'S ANSWER
### TO INTERPLEADER COMPLAINT AND REQUEST FOR JUDGMENT

Defendant Richmond Capital Group, LLC ("RCG") answers the Complaint for Interpleader of plaintiff ItsSugar, LLC ("Plaintiff") as follows:

### The Parties

1. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 1, and therefore, denies same.

2. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 2, and therefore, denies same.

3. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 3, and therefore, denies same.

4. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 4, and therefore, denies same, except states, upon information and belief, that Plaintiff is a garnishee and owes a debt to, and is holding funds owed to, Kangaroo Manufacturing, Inc. ("Kangaroo") in the amount of at least $43,405.23 (the "Funds").

5. RCG admits the allegations contained in Paragraph 5 of the Complaint, except denies that RCG conducts business at 125 Maiden Lane, Suite 501, New York, New York 10038.

6. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 6, and therefore, denies same.

7. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 7, and therefore, denies same.

8. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 8, and therefore, denies same.

9. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 9, and therefore, denies same.

10. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 10, and therefore, denies same.

**Jurisdiction and Venue**

11. RCG admits the allegations contained in Paragraph 11 of the Complaint.

12. RCG admits the allegations contained in Paragraph 12 of the Complaint.

13. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 13.

14. RCG admits the allegations contained in Paragraph 14 of the Complaint, and states that, on July 5, 2018, RCG entered judgment by confession against Kangaroo in the Supreme Court of the State of New York, County of Kings, in the amount of $238,025.96 (the "Judgment"), as is reflected in Exhibit 1 hereto, and, on or about July 6, 2018, served a Marshal's Levy and Demand for Payment, and Execution with Notice to Garnishee (the "Levy"),

on Plaintiff pursuant to Section 5232(a) of the New York Civil Practice Law and Rules in aid of enforcement of the Judgment, as is reflected in Exhibit 2 hereto.

15. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 15, and therefore, denies same.

16. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 16, and therefore, denies same.

17. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 17, and therefore, denies same.

18. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 18, and therefore, denies same.

19. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 19, and therefore, denies same, except states that, upon information and belief, RCG has a priority claim and right over any other Defendant with respect to the Funds by virtue of the Judgment and the Levy.

20. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 20.

21. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 21.

22. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 22, and therefore, denies same.

23. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 23, and therefore, denies same.

24. RCG is without sufficient information or belief in which to respond to the allegations contained in Paragraph 24, and therefore, denies same.

25. RCG denies that Plaintiff is entitled to its costs and attorneys' fees incurred in this action as set forth in the Wherefore clause of the Complaint.

WHEREFORE, RCG claims that it is entitled to the Funds pursuant to RCG's entered Judgment and Levy and further prays, if the Court grants interpleader, to enter judgment in RCG's favor, and against the stake provided by Plaintiff, in the amount of $43,405.23, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 16, 2018

Respectfully submitted
LAW OFFICES OF GABRIEL MENDELBERG P.C.
75 Maiden Lane, Suite 603
New York, New York 10038
Tel:  (212) 965-9800
Fax: (212) 268-0544
gabe@mendelberglaw.com

By:_____
Gabriel Mendelberg, Esq. (7482)

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of this Answer was served via ECF on all parties and counsel who have appeared in this action on November 16, 2018.

_____
Gabriel Mendelberg (7482)

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

RICHMOND CAPITAL GROUP, LLC

                         Plaintiffs,

-against-

KANGAROO MANUFACTURING, INC./ YAGOOZON, INC./
PENNIES2PLATINUM and JUSTIN N. LIGERI,

                         Defendants.

Index No.: 1586-18

**JUDGMENT BY CONFESSION**

| | |
|---|---|
| Amount Confessed: | $244,825.00 |
| Amount Paid: | $8,191.00 |
| Amount Owed: | $236,634.00 |
| Interest (from 6/15/2018) at 9% | $ 1,166.96 |
| Attorney's fees at 25% | $ 59,158.50 |
| Costs by Statute (CPLR 3218(b)) | $15.00 |
| Filing Fee (CPLR 8018(a)) | $210.00 |
| Total Costs and Disbursements | $225.00 |
| Total: | $ 238,025.96 |

### ATTORNEY'S AFFIRMATION

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF NEW YORK  )

    The undersigned, an attorney at law of the State of New York, affirms that she is the attorney of record for Plaintiff **RICHMOND CAPITAL GROUP, LLC** herein, and states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount and affirms this statement to be true under the penalties of perjury.

Dated: New York, New York
July 5, 2018

                                                Marcella G. Rabinovich, Esq.
                                                The Law Offices of
                                                Marcella G. Rabinovich, Esq.
                                                *Attorneys for Plaintiff*
                                                111 John Street, Suite 1210
                                                New York, NY 10038
                                                T. 646.922.9109

ON FILING the foregoing Affidavit of Confession of Judgment made by Defendant Ligeri sworn to on June 15, 2018; and upon the Affidavit of Non-Payment in Support of Entry of Judgment, Sworn to July 5, 2018.

NOW, ON MOTION OF Marcella G. Rabinovich, Esq., attorney for Plaintiff RICHMOND CAPITAL GROUP, LLC, it is

ADJUDGED that Plaintiff, **RICHMOND CAPITAL GROUP, LLC**, located at 94 Spook Rock Rd., Suffern, NY 10901, has judgment and does recover of the Defendants **KANGAROO MANUFACTURING, INC./ YAGOOZON, INC./ PENNIES2PLATINUM**, located at 6120 State Rd., Sebring, FL 33875, and **JUSTIN N. LIGERI**, residing at 10332 S. Orange Blossom Blvd, Sebring, FL 33875, the sum of $236,634.00 plus interest at nine percent (9%) per annum from June 15, 2018 as calculated by the Clerk in the amount of $ __1,166.96__ , in addition to legal fees calculated at twenty five percent (25%) __$59,158.50__ , together with $225.00 costs and disbursements as taxed by the clerk amounting in all to the sum of $ __238,025.96__ ; and that the Plaintiff RICHMOND CAPITAL GROUP, LLC have execution therefore.

_____
Clerk

Judgment entered the __5th__ day of __July__, 2018.

2018 JUL -5 PM 1:08
KINGS COUNTY CLERK
FILED

# EXHIBIT 2



# NEW YORK CITY MARSHAL
## Stephen W. Biegel

109 West 38th Street, Suite 200 • New York, NY 10018
Phone: (212) MARSHAL (627-7425) • Fax: (212) 398-2000
NYC@MarshalBiegel.com • www.NewYorkCityMarshal.com

E 29124

FILE COPY

## LEVY AND DEMAND ON

IT'SUGAR LLC C/O
CORPORATION SERVICE
COMPANY
1180 6TH AVENUE #210
NEW YORK, NY 10036

July 6, 2018

**JUDGMENT CREDITOR**
RICHMOND CAPITAL GROUP, LLC
VS
KANGAROO MANUFACTURING INC
YAGOOZON, INC
PENNIES2PLATINUM AND
JUSTIN N. LIGERI

**JUDGMENT DEBTOR**

GREETINGS:

Attached you will find a Property Execution with Notice to Garnishee. As directed under CPLR §5232(a), you are required to turn over to me all property of the judgment debtor currently in your possession or custody, not to exceed the following amount:

| | |
|---|---|
| Judgment........... | $238,025.96 |
| Interest........... | $0.00 |
| Statutory Fees........ | $1,125.00 |
| Expense............ | $0.00 |
| Poundage........... | $11,957.54 |
| **TOTAL** | **$251,108.50** |

Any monies paid to the judgment debtor after receipt of this levy is in violation of certain New York State laws. All monies due the above-named judgment debtor for rent, escrow, commission, or any other means, must immediately be paid directly to the city marshal. I am sorry to put you in this position but have no other choice since the judgment debtor has failed to meet the obligation set forth by the Civil Court.

**PLEASE MAKE ALL CHECKS PAYABLE TO: NYC MARSHAL STEPHEN W. BIEGEL**

Should you have any questions, kindly contact my office.
MARSHAL'S DOCKET # E 29124

Very truly yours,

STEPHEN W. BIEGEL
Marshal City of New York,
Badge #27

SIGNATURE OF OFFICIAL ACCEPTING LEVY: _____
PRINTED NAME: ANNE G        DATE: 7/6/18
(BANKATTR)



# NEW YORK CITY MARSHAL
## Stephen W. Biegel
109 West 38th Street, Suite 200 • New York, NY 10018
Phone: (212) MARSHAL (627-7425) • Fax: (212) 398-2000
NYC@MarshalBiegel.com • www.NewYorkCityMarshal.com

E 29124

## LEVY AND DEMAND ON

IT'S SUGAR LLC C/O
CORPORATION SERVICE
COMPANY
1180 6TH AVENUE #210
NEW YORK, NY 10036

July 9, 2018

**JUDGMENT CREDITOR**
RICHMOND CAPITAL GROUP, LLC
VS
KANGAROO MANUFACTURING INC
YAGOOZON, INC
PENNIES2PLATINUM AND
JUSTIN N. LIGERI

SS:

**JUDGMENT DEBTOR**

GREETINGS:

Attached you will find a Property Execution with Notice to Garnishee. As directed under **CPLR §5232(a)**, you are required to turn over to me all property of the judgment debtor currently in your possession or custody, not to exceed the following amount:

| | |
|---|---|
| Judgment. . . . . . . . . . . | $238,025.96 |
| Interest. . . . . . . . . . . | $58.79 |
| Statutory Fees. . . . . . . | $1,125.00 |
| Expense . . . . . . . . . . . | $0.00 |
| Poundage. . . . . . . . . . | $11,960.48 |
| **TOTAL** | **$251,170.23** |

Any monies paid to the judgment debtor after receipt of this levy is in violation of certain New York State laws. All monies due the above named judgment debtor for rent, escrow, commission, or any other means, must now be paid directly to the city marshal. I am sorry to put you in this position but have no other choice since the judgment debtor has failed to meet the obligation set forth by the Civil Court.

**PLEASE MAKE ALL CHECKS PAYABLE TO: NYC MARSHAL STEPHEN W. BIEGEL**
**MARSHAL'S DOCKET # E-29124**

Very truly yours,

STEPHEN W. BIEGEL
Marshal City of New York
Badge #27

SIGNATURE OF OFFICIAL ACCEPTING LEVY: _____
PRINTED NAME: ANNE G          DATE: 7/9/18

(PB3LEVY)

* Amended levy w/additional EIN

Index No. 1586-2018

RICHMOND CAPITAL GROUP, LLC

                                Plaintiff(s)

                        against

KANGAROO MANUFACTURING, INC./ YAGOOZON, INC./ PENNIES2PLATINUM and JUSTIN N. LIGERI

                                Defendant(s)

**EXECUTION WITH NOTICE TO GARNISHEE**

THE PEOPLE OF THE STATE OF NEW YORK, TO THE SHERIFF OF ANY COUNTY, GREETING:

WHEREAS, in an action in the Supreme Court of State of New York County of ____KINGS____

Between ____RICHMOND CAPITAL GROUP, LLC____ as plaintiff(s) and
KANGAROO MANUFACTURING, INC./ YAGOOZON, INC./ PENNIES2PLATINUM and JUSTIN N. LIGERI
As defendant(s)
who are all the parties named in said action, a judgment was entered on ___July 5, 2018___
in favor of __RICHMOND CAPITAL GROUP, LLC___
Judgment creditor(s)
and against __ KANGAROO MANUFACTURING, INC./ YAGOOZON, INC./ PENNIES2PLATINUM and JUSTIN N. LIGERI
Judgment debtor(s)
whose last known address is ___6120 State Rd., Sebring, FL 33875 and 10332 S. Orange Blossom Blvd, Sebring, FL 33875 _
in the amount of $__238025.96___ including costs, of which $_238025.96      Together with
interest thereon from ___July 5, 2018____ remains due and unpaid;
WHEREAS, a transcript of the judgment was filed on _____July 5, 2018_____   with
The Clerk of the County of ___KINGS_____, in which county the judgment was entered; and
WHEREAS, a transcript Of the judgment was docketed in the office of the Clerk of your county on

NOW, THEREFORE, WE COMMAND YOU to satisfy the said judgment out of the real and personal property of the above named judgment debtor and the debts due to him; and that only the property in which said judgment debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; AND TO RETURN this execution to the clerk of the above captioned court within 60 days after issuance unless service of this execution is made within that time executions of that time made in writing by the attorney(s) for the judgment creditor.

Pursuant to CPLR § 5205(T), $2,500 of an account containing direct deposit or electronic payments reasonably identifiable as statutory exempt payments, as defined in CPLR § (i), an execution shall not apply to an amount equal to or less than 90% of the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act 1938 or 240 times the state minimum hourly wage prescribed in Labor Law § 652 as in effect at the time the earning are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

**NOTICE TO GARNISHEE**   TO:
                          ADDRESS:

WHEREAS, it appears that you are indebted to the judgment debtor, above named, or in possession of custody of property not capable of delivery in which the judgment debtor has an interest, including, without limitation, the following specified debt and property.

NOW, THEREFORE, YOU ARE REQUIRED by section 5232(a) of the Civil Practice Law and Rules forth-with to transfer to the Sheriff all personal property not capable of delivery in which the judgment debtor is known or believed to have an interest now in or hereafter coming into your possession or custody including any property specified in this notice; and to pay to the sheriff, upon maturity, all debts now due or hereafter coming due from you o the judgment debtor, including any debts specified in this notice; and to execute any documents necessary to effect such transfer or payment;

AND TAKE NOTICE that until such transfer or payment is made or until the expiration of 90 days after the service of this execution upon you such further time as is provided by any order of the court served upon you whichever event first occurs, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with any such property, or pay over or otherwise dispose of any such debt, to any person other that the sheriff, except upon direction of the sheriff or pursuant to an order of the court;

AND TAKE FURTHER NOTICE THAT at the expiration of 90 days after a levy is made by service of this execution, or of such further time as the court upon motion of the judgment creditor has provided, this levy shall be void except as to a property

Or debts which have been transferred or paid to the sheriff or as to which a proceeding under sections 5225 or 5227 of the Civil Practice Law and Rules has been brought.

Date: July 5, 2018

    Signature..._____... Print name signed... Marcella G. Rabinovich_____

Attorney(s) for Judgment Creditor

Office and Post Office Address

                        Marcella G. Rabinovich, Esq.
                        111 John Street, Suite 1210
                        New York, New York 10038

## ENDORSEMENT

Please take notice that the following defendants were not served with a summons herein, viz:

and that, as to them, the execution must be restricted as below prescribed.

An execution against property property shall not be levied upon the sole property of such a defendant, but it may be collected out of real and personal property owned by him jointly with the other defendants who were summoned or with any of them, and out of the real and personal property of the latter or any of them.

Marcella G. Rabinovich, Esq.
Attorney(s) for
RICHMOND CAPITAL GROUP, LLC

Name and Address of Garnishee

Address of Judgment Debtor

KANGAROO MANUFACTURING, INC./ YAGOOZON, INC./ PENNIES2PLATINUM
6120 State Rd., Sebring, FL 33875

JUSTIN N. LIGERI
10332 S. Orange Blossom Blvd, Sebring, FL 33875

Location of Property

| INDEX NO. | COURT - SUPREME | COUNTY OF KINGS |

## Execution
### AGAINST PROPERTY
With Notice to Garnishee

RICHMOND CAPITAL GROUP, LLC

Marcella G. Rabinovich, Esq.

Plaintiff(s)

against

KANGAROO MANUFACTURING, INC./ YAGOOZON, INC./ PENNIES2PLATINUM AND JUSTIN N. LIGERI
Defendant(s)

Sheriff of any County
Levy and Collect as within directed

Attorney(s) for
Office and Post Office Address

With interest from
besides your fees, etc.

Dated and time received

........................................Sheriff

Marcella G. Rabinovich, Esq.
111 John Street, Suite 1210
New York, New York 10038